UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. SEWELL, JR.,

              Plaintiff,

                                                Case No. 04-CV-72841
vs.                                             HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION;
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#10);
DENYING PLAINTIFF'S MOTION TO FOR SUMMARY JUDGMENT (#9), AND;
DISMISSING PLAINTIFF'S CLAIMS

        This matter is before the court on the parties' cross-motions for summary judgment

as to plaintiff James Sewell's claim for judicial review of plaintiff's October 18, 2000

application for disability benefits.   The matter was referred to Magistrate Judge Virginia

Morgan, who issued a 17-page Report and Recommendation on February 25, 2005

recommending that defendant's motion for summary judgment be granted, that plaintiff's

motion for summary judgment be denied, and that judgment enter in favor of defendant

Commissioner.   Plaintiff filed timely objections on March 4, 2004.   See 28 U.S.C. §

636(b)(1); E.D. Mich. L.R. 72.1(d)(2).

## I. Background

        Plaintiff's application for disability benefits was initially denied in a May 17, 2003

eight-page decision issued by ALJ Regina Sobrino.   The ALJ found that, although the

objective medical evidence demonstrated plaintiff has severe joint disease of the knees,

diabetes, an organic brain disorder, a possible seizure disorder, and depression, the

impairment or combination of impairments did not constitute an impairment as listed in

Appendix 1 of the regulations.  The ALJ also found that plaintiff's allegations as to the

intensity, persistence, and functionally limiting effects of his symptoms were not fully

consistent with the objective medical evidence and other record evidence.  The ALJ then

proceeded to a determination of plaintiff's residual functional capacity:

> The claimant has the residual functional capacity to lift and carry 10 pounds. The claimant cannot push or pull.  He is able to stand/walk 2 hours per 8 hour day, for 10 minutes per hour.  He can sit 6 hours per 8-hour day.  The claimant needs the opportunity to alternate position at will.  He needs to be able to use a cane to ambulate.  He cannot climb, kneel, squat or crawl.  The claimant cannot perform jobs that require work at or above shoulder level. He cannot operate foot or leg controls, work around hazards, or engage in commercial driving.  He can occasionally bend.  The claimant is limited to performing simple, routine work.  He can tolerate superficial contact with co-workers, supervisors, and the general public.

R, at 22.  After determining that plaintiff could not perform his past relevant work as an

assembly line worker or paint gun cleaner, and relying on a hypothetical question posed

to Vocational Expert ("VE") Pauline McEachin, the ALJ concluded at Step Five[1] that plaintiff

was not entitled to disability benefits:

> Although the claimants' additional limitations do not allow him to perform the full range of sedentary work, there are a significant number of jobs in the region and national economy that the claimant can perform.  Examples of such jobs include visual inspector, surveillance system monitor, inspector and assembler.  Vocational expert testimony establishes that these jobs exist in significant numbers in the regional and national economy.

---

[1]  The determination of ineligibility at step five requires the Commissioner to show by substantial evidence that the claimant was able to perform specific jobs available in the economy.  See Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 238 (6th Cir. 2002).

R, at 22.  The Appeals Counsel denied plaintiff's request for review on May 28, 2004.

In her February 25, 2005 Report and Recommendation, Magistrate Judge Morgan found that the ALJ's hypothetical limitation posed to the VE, that plaintiff could perform simple and routine work, sufficiently accommodated plaintiff's concentration and memory deficiencies, consistent with the assessment of a Michigan Disability Determination Services ("MDDS") consultant that plaintiff was only moderately limited in his ability to maintain concentration, persistence, or pace in the area of understanding and memory, and a second consultant's evaluation that plaintiff was capable of performing simple, routine tasks.  Magistrate Judge Morgan also found that, contrary to plaintiff's argument, consultant Dr. Thomas Rosenbaum's July 3, 2001 mental status evaluation did not find that plaintiff had "severe" concentration or memory deficits, and in fact, did not render an assessment of plaintiff's concentration and pace.  Magistrate Morgan continued that Dr. Rosenbaum's assignment of a 35-40 Global Assessment of Functioning Score, indicating that plaintiff has serious psychological symptoms, is not justified in Dr. Rosenbaum's report, and does not directly address plaintiff's concentration and memory capabilities.  Magistrate Morgan rejected plaintiff's argument that treating physician Dr. Karl Edelman's ultimate opinion of total and permanent disability was entitled to controlling weight, finding instead that the ALJ's hypothetical question to the VE, and determination of plaintiff's residual functional capacity, were consistent with Dr. Edelman's medical opinions that plaintiff suffers from severe knee-joint disease and diabetes.  Magistrate Judge Morgan further concluded that the ALJ's assessment of plaintiff's credibility was supported by substantial evidence in the record to the extent plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not fully consistent with the record evidence.  Magistrate

Judge Morgan denied plaintiff's request to remand under sentence six of 42 U.S.C. § 405(g) for submission of an October 23, 2003 written psychological evaluation authored by a Dr. Robert Gunn, finding the report did not satisfy the "materiality" or "good cause" requirements of § 405(g), and that plaintiff failed to proffer a valid reason as to why the report was not obtained prior to his administrative hearing; the ALJ's decision issued on May 17, 2003.  Magistrate Judge Morgan ultimately concluded that the ALJ's decision is supported by substantial record evidence, and recommends granting defendant Commissioner's motion for summary judgment.

## II. Objections

Plaintiff objects to Magistrate Judge Morgan's findings that: (1) the ALJ's hypothetical accurately recognized plaintiff's limitations regarding his mental condition, particularly in the area of concentration, memory, and attention span, specifically arguing that the Magistrate Judge completely ignored the holding in Bielat v. Commissioner, 267 F.Supp.2d 698 (E.D. Mich. 2003); (2) the ALJ gave appropriate weight to the treating physician's opinion; (3) there is substantial evidence in the record to support the ALJ's determination that plaintiff's testimony was not fully credible; (4) there was not good cause for remand under § 405(g) in that Dr. Gunn's October 23, 2003 report addresses testing recommended by consultant Dr. Rosenbaum's July 5, 2001 report, testing that was not performed.  As to each objection, plaintiff also refers to the arguments advanced in his Brief in Support of Motion for Summary Judgment.

## III. Standard of Review

An individual may obtain review of any final decision made by the Commissioner of Social Security, after a hearing, by filing an action in federal district court.  See 42 U.S.C.

4

§ 405(g).  The court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  Id.  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  Id.  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  If substantial evidence supports the ALJ's decision, the court must affirm and "may not even inquire whether the record could support a decision the other way."  Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).

A district court judge may designate a magistrate judge to hear and determine motions for summary judgment, setting forth proposed findings of fact and conclusions of law in a written report and recommendation.  See 28 U.S.C. § 636(b)(1) (B-C).  Within ten days of service of the magistrate judge's report and recommendation, any party may file written objections to the magistrate's proposed findings and recommendations.  See 28 U.S.C. § 636(b)(1)(C).   "A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  Id.   General or conclusory objections that do not relate to specific errors in a report and recommendation may forfeit the right to de novo review.  See Thomas v. Halter, 131 F.Supp.2d 942, 945 (E.D. Mich. 2001) (finding objection that report and recommendation did not comport with SSR 83-12 was waived as conclusionary absent

5

explanation why decision was infirm under SSR 83-12).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  See 28 U.S.C. § 636(b)(1)(C).

## IV. Analysis

Plaintiff's initial specific objection that Magistrate Judge Morgan completely ignored the district court decision in Bielat is not well taken.  In Bielat, the district court held that an ALJ erroneously relied on a VE's testimony as substantial evidence for denying a claim for benefits because the posed hypothetical question limiting the claimant to "unskilled" and "low stress" jobs was insufficient to describe the claimant's "marked" limitation in his ability to concentrate or persist at a task until timely completion.  Bielat, 267 F.Supp.2d at 699-700, 702.  The ALJ's determination in Bielat of a "marked" limitation was supported in part by a MDDS consultant's assessment that the claimant "often had deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner."  Id. at 700.  The Bielat court also noted that a hypothetical question which includes a limitation of "difficulties in concentration" is insufficient to describe a person who "often" displays deficiencies of concentration, persistence, or pace.  Id. at 702.  Here, ALJ Sobrino concluded that plaintiff's "ability to maintain concentration, persistence, and pace is *moderately* impaired," R, at 20 (emphasis added), based in part on two MDDS consultations finding that plaintiff was only "moderately limited" in 5 of 11 categories assessing "understanding and memory" and "sustained concentration and pace," with no significant limitation in the remaining 6 categories. R, at 401-402, 420-424.  ALJ Sobrino's hypothetical limitation of performing only "simple and routine work" was explained to the VE as including an ability to remember and concentrate, as prompted by Counsel's

6

questioning of the VE.  R, at 596-597.  <u>Bielat</u> is distinguishable on its facts alone, and in addition, substantial evidence in the instant record demonstrates that the hypothetical question posed by ALJ Sobrino to VE McEachin sufficiently described plaintiff's moderate inability to maintain concentration, persistence, and pace.  A VE's response to an ALJ's accurate hypothetical question constitutes "substantial evidence" on which the ALJ may rely in deciding whether a claimant is disabled for purposes of qualifying for benefits.  <u>Howard</u>, 276 F.3d at 239 (quoting <u>Varley v. Secretary of Health and Human Servs.</u>, 820 F.2d 777, 779 (6th Cir. 1987)).

Plaintiff's objections that the ALJ did not give appropriate weight to a treating physician's opinion, and that there is not substantial evidence in the record to support the ALJ's credibility assessment, are conclusory, as they fail to specify *why* Magistrate Judge Morgan's analysis should be considered infirm.  <u>Thomas</u>, 131 F.Supp.2d at 945.  A review of plaintiff's brief in support of his motion for summary judgment also fails to raise a specific error in the analysis that a treating physician's conclusion that a claimant is disabled is not entitled to controlling weight, and that a treating physician's medical opinions are entitled to controlling weight *if* the opinion is supported my objective medical evidence and is not inconsistent with other substantial evidence in the record.  <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir. 1997); 20 C.F.R. § 404.1527(d)(2).  As to the ALJ's assessment of plaintiff's credibility, this court "'may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.'"  <u>Walters</u>, 127 F.3d at 528 (quoting <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff's specific objection regarding remand is also without merit.  A sentence six

remand under 42 U.S.C. § 405(g)[2] requires the claimant to demonstrate a reasonable justification for failing to acquire and present the "new" evidence in the hearing before the ALJ. Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (quoting Cline v. Comm'r of Social Security, 96 F.3d 146, 148 (6th Cir.1996)). Plaintiff's argument that Dr. Gunn's October 23, 2003 report addresses testing recommended for plaintiff by Dr. Rosenbaum on July 5, 2001 fails to explain why Dr. Gunn's report could not be completed by the March 20, 2003 hearing before ALJ Sobrino.

## VI. Conclusion

Plaintiff's objections are hereby OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Morgan's February 25, 2005 Report and Recommendation. Defendant Commissioner of Social Security's motion for summary judgment is hereby GRANTED. Plaintiff James Sewell's motion for summary judgment, and request for remand, are hereby DENIED. Plaintiff's claims are hereby DISMISSED.

SO ORDERED.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2005

---

[2] "The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g) (sentence six).

8

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 29 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk